[See Badische Anilin and Soda Fabrik v. Cochrane, Case No. 719.]

ANILIN v. CUMMINS.

[See Badische Anilin and Soda Fabrik v. Cummins, Case No. 720.]

ANILIN v. HAMILTON MANUF'G CO.

[See Badische Anilin and Soda Fabrik v. Hamilton Manuf'g Co., Case No. 721.]

ANILIN v. HIGGIN.

[See Badische Anilin and Soda Fabrik v. Higgins, Case No. 722.]

## Case No. 394.

In re ANKETELL.

[19 N. B. R. 268.]

District Court, D. New Jersey. July 25. 1879.

BANKRUPTCY—CONDITIONS OF DISCHARGE—PROPER BOOKS OF ACCOUNT.

[A merchant miller whose business averaged $60,000 a year running through several years, who kept no other books than one showing his aggregate monthly payments for grain in one column and his sales in another, with nothing to show what sums were expended in carrying on his business and supporting his family, is not entitled to a discharge in bankruptcy, under Rev. St. § 5110, requiring a merchant or tradesman to keep "proper books of account" as a condition precedent to such discharge.]

In bankruptcy.
Specifications against discharge.

C. T. Glen, for opposing creditor.
Jos. Coult, for bankrupt.

NIXON, District Judge. The opposing creditors have filed fourteen specifications against the discharge of the bankrupt, several of which, if sustained, very seriously affect his moral character. It is not my intention to examine them seriatim, but it is due to the bankrupt to state that I have read the voluminous testimony with care, and whilst it is clear that he has done and said many things that cannot be approved, I am not convinced by the evidence that they have been done or said with a fraudulent intent. Section 5110 of the Revised Statutes enumerates the various grounds for which, under the bankrupt act, the court will refuse a discharge. It states under the seventh subdivision that no discharge shall be granted, or if granted shall be valid, "if the bankrupt, being a merchant or tradesman, has not at all times, after March 2, 1867, kept proper books of account." The fourteenth specification against the discharge alleges, in substance, that proper books of account have not been kept in the present case. This, is a question of fact, not one of fraudulent intent, and each case must be largely determined by its circumstances; what might be deemed proper books of account in one business, might be fairly considered fatally defective in another.

It is reckoned an important provision of the law, having in view a three-fold object: (1) to enable the debtor himself to ascertain at any time, by an examination of his financial creditors; (2) to have such a complete record of all his business transactions, that his creditors upon his call may be able to determine his ability to meet his engagements and undertakings; and (3) in case of bankruptcy, to assist the assignee in the administration of the estate, enabling him to trace out the dealings of the debtor, the causes of his failure and the honesty of his acts. The business of the bankrupt brings him within the definition of a tradesman. He was a merchant miller, purchasing grain and grinding it into flour and feed and retailing the manufactured articles from a store. The amount of his business averaged about sixty thousand dollars a year, running through several years. His book-keeping was peculiar and to the last degree unsatisfactory. He kept no cash-book or statement of cash receipts and disbursements. He had in his ledger an account with "merchandise," showing in one column his aggregate monthly payments for grain, and in another an aggregate monthly account of his sales. The difference between these columns he called profits. But his books do not show what moneys were expended by him in carrying on the business, nor what sums were taken out for his household and family expenses. It is quite clear that they did not reveal to him—and much less to others—the actual condition of his affairs; that he had no idea of his insolvency until about the time that he stopped payment, although he was not then able to pay to his creditors more than ten cents on the dollar. Books thus kept do not answer the requirements of the law. A cash-book, although important in exhibiting the nature and character of the receipts and disbursements of the business, is not indispensable, provided a cash account appears in the books, showing all the transactions.

Judge Blatchford recently held in Re Hannahs, [Case No. 6,032,] that in the absence of a cash-book, it must be clearly shown by the bankrupt that the entries, which would there appear, appear elsewhere in his books as entries of cash, and that the state of his cash receipts and payments can be ascertained by the books he did keep. The bankrupt's books fail to supply the deficiency here, and without looking at any other specifications or expressing any opinion in regard to them, the discharge must be refused.